```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


JESSE RONALD JORDAN                           CIVIL ACTION

VERSUS                                        NO: 05-4027

DIXIE PUMP AND SUPPLY, INC.                   SECTION: "J" (1)
D/B/A PETE'S DIVING SERVICE
```

### ORDER AND REASONS

Before the Court is defendant's **Motion to Dismiss for Lack of Personal Jurisdiction and/or Improper Venue; Alternatively, Motion to Transfer; Alternatively, Motion for Summary Judgment** (Rec. Doc. 3). The motion is opposed. Having considered the motion, legal memoranda of counsel, and the applicable law, the Court finds that defendant's motion should be DENIED with prejudice in part and DENIED without prejudice in part.

### FACTUAL BACKGROUND

Defendant is a small Alabama company that undertakes diving, surveying, and temporary vessel-repair work. Defendant is not registered to do business in Louisiana. In October, 2004,

Defendant sent two Alabama workers to La Place, Louisiana to "de-water and repair" a barge there. During the course of the work, one of the workers, David Jordan, fell off the barge and drowned. Plaintiff in this case is David Jordan's brother. He filed this Jones Act claim on August 22, 2005 to recover damages arising from the death. Defendant filed the current alternative motions on October 25, 2005.

## DISCUSSION

### A. Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue

In a Jones Act case, jurisdiction and venue coincide wherever the Defendant "resides". *See Pure Oil Co. v. Suarez*, 384 U.S. 202, 203-04 (1966). Title 28 U.S.C. section 1391(c) specifies that a corporate defendant "resides" for venue purposes in any district where it has sufficient contacts to support personal jurisdiction. Plaintiff bears the burden of proving the district court's personal jurisdiction over defendant. *Guidry v. U.S. Tobacco Co.,* 188 F.3d 619, 626 (5th Cir. 1999).

Defendant argues that because it is a small company that does not advertise in Louisiana and does no regular business here, subjecting it to jurisdiction in Louisiana would not comport with "traditional notions of fair play and substantial justice" and so, presumably, would violate due process under the analysis of *International Shoe Co. v. State of Washington*, 326 U.S. 310, 316

(1945). However, as Chief Justice Stone recognized in

*International Shoe*:

> to the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefits and protection of the laws of that state. The exercise of that privilege may give rise to obligations; and, <u>so far as those obligations arise out of or are connected with the activities within the state</u>, a procedure which requires the corporation to respond to a suit brought to enforce them can, in most instances, hardly be said to be undue.

*Id.* at 319 (emphasis added).

Defendant presents no authority for the proposition that sending two workers into Louisiana to repair a barge, where one of them dies, fails to meet the due process requirement that there be "an action of the defendant purposefully directed toward the forum State." *Asahi Metal Indus. v. Superior Court of Cal.*, 480 U.S. 102, 107 (1987). On the contrary, it is well established that "[w]hen a cause of action arises out of a defendant's purposeful contacts with the forum, minimum contacts are found to exist and the court may exercise its 'specific' jurisdiction. Even a single, substantial act directed toward the forum can support specific jurisdiction." *Dalton v. R & W Marine, Inc.*, 897 F.2d 1359, 1361-62 (5th Cir. 1990). The act of defendant in this case was purposeful, substantial, and it specifically gave rise to the present cause of action. Therefore, defendant's Motion to Dismiss must be denied.

**B. Motions for Transfer and Summary Judgment**

Regarding defendant's alternative motions for transfer and for summary judgment, the Court considers these motions premature. The Court will dismiss these motions without prejudice. Defendant is free to re-urge these motions when sufficient discovery has been conducted to allow the Court to reach a decision. Accordingly,

**IT IS ORDERED** that defendant's **Motion to Dismiss for Lack of Personal Jurisdiction and/or Improper Venue; Alternatively, Motion to Transfer; Alternatively, Motion for Summary Judgment** (Rec. Doc. 3) is **DENIED** with prejudice as to the Motion to Dismiss and **DENIED** without prejudice as to the Motion to Transfer and the Motion for Summary Judgment.

New Orleans, Louisiana this the 30th day of November, 2005.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE