UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSE RONALD JORDAN                             CIVIL ACTION

VERSUS                                          NO: 05-4027

DIXIE PUMP AND SUPPLY, INC.                     SECTION: "J" (1)
D/B/A PETE'S DIVING SERVICE

**ORDER AND REASONS**

Before the Court is defendant, Dixie Pump & Supply, Inc.'s ("Dixie Pump's") **Renewed Motion to Transfer** (Rec. Doc. 20). Plaintiff, Jesse Ronald Jordan, opposes the motion. Having considered the record, the legal memoranda of counsel, and the applicable law, the Court finds that the motion should be DENIED.

**BACKGROUND**

Defendant Dixie Pump is a small Alabama company that undertakes diving, surveying, and temporary vessel-repair work. Dixie Pump is not registered to do business in Louisiana. In October 2004, Dixie Pump sent two Alabama workers to LaPlace, Louisiana to de-water and repair a barge there. During the

course of the work, one of the workers, David Jordan, fell off the barge and drowned.  Plaintiff filed this Jones Act claim on August 22, 2005 to recover damages arising from his brother's death.  On October 25, 2005, defendant filed alternative motions to dismiss for lack of personal jurisdiction and/or improper venue, to transfer, and for summary judgment.  The Court denied with prejudice defendant's motion to dismiss and denied without prejudice defendant's motion to transfer and motion for summary judgment to allow time for preliminary discovery.  Defendant has renewed its motion to transfer.

## DISCUSSION

Dixie Pump moves the Court to transfer this lawsuit to the Southern District of Alabama pursuant to 28 U.S.C. § 1404(a), which provides: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The defendant bears the burden of demonstrating why the case should be transferred to an alternate forum.  *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966).  Because the decision to transfer requires an "individualized, case-by-case consideration of convenience and fairness," it is a decision that falls within this Court's sound discretion. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988).

In determining whether transfer is warranted under section 1404(a), courts consider the private and public interest factors articulated by the Supreme Court in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947).[1] The private interest factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; (3) the possibility of view of premises, if view would be appropriate to the action; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *Gulf Oil*, 330 U.S. at 508. The relevant public interest factors to be considered are: (1) the administrative difficulties resulting from court congestion; (2) the local interest in having localized controversies decided at home; (3) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (4) the unfairness of burdening citizens in an unrelated forum with jury duty. *Id.* at 508-9. Courts also consider judicial economy, that is whether a transfer would avoid duplicative litigation and prevent waste of time and money. *Van*

---

[1] *Gulf Oil* pre-dated the 1948 enactment of § 1404(a), but the factors set forth there (in the context of a discussion of a *forum non conveniens* dismissal) are instructive in considering § 1404(a) motions. 5A Wright & Miller, §1352 at 269, citing *Norwood v. Kirkpatrick*, 349 U.S. 29 (1955).

*Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

Plaintiff chose to file this lawsuit in the Eastern District of Louisiana.  Unless the balance of private and public interest factors is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.  *Gulf Oil*, 330 U.S. at 509.  Defendant principally relies on the location of defendant and the location of witnesses and trial exhibits to establish that the factors weigh strongly in favor of transfer.

The Court first looks at the private interest factors. Defendant argues that Alabama is more convenient because it is closer to William Schuchardt, an employee of defendant, who is the only eye witness to the accident and who lives in Mobile County in Alabama.  Defendant also contends that both it and its employees are all located in Alabama.  Plaintiff counters that subsequent discovery has produced Captain David Webster, who piloted a fleet boat from which the decedent worked in Louisiana, who is believed to reside in Louisiana.  Plaintiff also points out that he has asserted claims against Consolidated Barn & Grain ("CBG"), the entity which managed the fleet facility in LaPlace, Louisiana and which is owned by Cooper T. Smith Stevedoring Co.[2]

---

[2] Cooper T. Smith is a business corporation registered with the Louisiana Secretary of State.

4

In determining whether transfer is warranted, courts consider a party's employees to be so closely aligned with that party that they are presumed to be willing to testify in either forum, despite any inconvenience it may involve. *Columbia Energy Serv. Corp. v. TDC Energy Corp.*, No. 01-0055, 2002 WL 272382, at *4 (E.D. La. Feb. 25, 2002). Thus, the convenience of non-party witnesses, rather than that of employee witnesses, is the more important factor and is accorded greater weight. *Gundle Lining Constr. Corp. v. Fireman's Fund Ins. Co.*, 844 F.Supp. 1163, 1166 (S.D. Tex. 1994). The witness named by plaintiff is believed to reside in Louisiana. The witness named by defendant resides in Alabama, but is defendant's employee. Because the defendant can compel the attendance at trial of its own employee, the availability and convenience of this potential witness is given less weight. *Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003). On balance, defendant's argument that this forum is inconvenient to the witnesses fails.

Defendant also argues that the majority of the pertinent records are located in Alabama. Specifically, defendant points out that Dixie Pump's records, David Jordan's employee records, and the barge's maintenance records are all located in Alabama. Defendant also points out that the barge is no longer located in

Louisiana.  Plaintiff notes that this is not a document-intensive case.  Plaintiff also notes that the Louisiana Office of Occupational Safety and Health Administration ("OSHA") investigated David Jordan's death and fined the barge owner as a result.  The documents surrounding OSHA's investigation are located in Louisiana.  Moreover, defendant CBG is the entity that manages, in LaPlace, Louisiana, the fleet facility where the barge was located at the time of the accident.  The facts show that there are sources of proof located in both Louisiana and Alabama.  Thus, consideration of this factor, as with all of the other pertinent private interest factors, weighs against transferring this case to Alabama.

   The court now turns to the public interest factors.  First, the Court's docket is not congested.  Second, there is local interest in deciding in this district controversies involving fatal injuries that occur on barges located in this district.  Third, there exist in this case no unnecessary problems in conflict of laws, or in the application of foreign law.  Fourth, there exits no unfair burden on citizens in this district with jury duty because it is a related forum.  Finally, there is nothing to indicate that transfer to Alabama would avoid duplicative litigation and prevent waste of time and money.

Consideration of the public interest factors weighs against transfer.

## CONCLUSION

In summary, the Court finds that defendant has failed to establish that the private and public interest factors articulated in *Gulf Oil* weigh strongly in favor of transfer. Given the presumption in favor of plaintiff's choice of forum, and the fact that the burden of proving the appropriateness of the transfer lies with defendant, a weighing of the private and public interest factors should result in denying the defendant's motion to transfer. Considering the totality of the circumstances of this case, the Court finds that the balancing of the interests involved indicates that plaintiff's choice of forum should not be disturbed. Accordingly,

**IT IS ORDERED** that the defendant's Renewed Motion to Transfer (Rec. Doc. 20) is **DENIED**.

New Orleans, Louisiana this the 29th day of March, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE