UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSE RONALD JORDAN                                CIVIL ACTION

VERSUS                                             NO: 05-4027

DIXIE PUMP AND SUPPLY, INC.                        SECTION: "J" (1)
D/B/A PETE'S DIVING SERVICE

**ORDER**

Before the Court is Plaintiff's Motion in Limine to Preclude Testimony of Defendant's Expert, H.E. Breit, III. (Doc. 67.) The motion is opposed. (Doc. 75.) Plaintiff argues that Defendant's disclosure of Mr. Breit's report was untimely and that Mr. Breit's testimony would be misleading or unreliable because photographs taken by Mr. Breit do not accurately portray the accident site.

Mr. Breit's status as a potential expert witness and the documentation of his visit to the accident site were delivered to counsel for Plaintiff prior to Defendant's expert report deadline. The report itself was apparently delivered just after the deadline, on Tuesday, October 17, 2006, rather than on

Saturday, October 14, 2006. Plaintiff has failed to establish how the timing of the report prejudiced him, and the Court is disinclined to exclude the evidence for a technical misstep.

Regarding the basis of the report, the Court is unconvinced that the two day lag time between the accident and the photographs of the site make Mr. Breit's opinion so unreliable as to be excluded under *Daubert* as extended by *Kumho Tire.* The purpose of *Daubert* is "to ensure that only reliable and relevant expert testimony is presented to the jury." *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by rule on other grounds), citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590-93 (1993). Thus, "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000). "*Daubert* requires a binary choice--admit or exclude--and a judge in a bench trial should have discretion to admit questionable technical evidence, though of course he must not give it more weight than it deserves." *SmithKline Beecham Corp. v. Apotex Corp.*, 247 F.Supp. 2d 1011, 1042 (N.D.Ill. 2003).

Given that this case is a bench trial, and thus that the

objectives of *Daubert*, upon which Plaintiff's second argument is premised, are no longer implicated, the Court finds that the motion in limine to exclude expert testimony should be denied at this time. Following the introduction of the testimony at trial, the Court will either exclude it at that point, or give it whatever weight it deserves.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion in Limine to Preclude Testimony of Defendant's Expert, H.E. Breit, III (Doc. 67) is **DENIED**.

New Orleans, Louisiana this the 7th day of November, 2006.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE