```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


JESSE RONALD JORDAN                          CIVIL ACTION

VERSUS                                       NO: 05-4027

DIXIE PUMP AND SUPPLY, INC.,                 SECTION: "J" (1)
ET AL.
```

**STATEMENT OF REASONS**

On April 12th, 2007, this Court granted Consolidated Grain & Barge Inc.'s ("CGB") Motion for Summary Judgment and dismissed the claims against it with prejudice. (Doc. 107.) The Court's reasons for granting judgment in CGB's favor are as follows.

**BACKGROUND**

On October 2, 2004, while dewatering and repairing Barge CGB 326 in Laplace, Louisiana, David Jordan fell into a gap between Barge CGB 326 and the adjacent downstream Barge WGN 9707, and drowned in the Mississippi River. Plaintiff in this case is David Jordan's brother. Plaintiff filed a Jones Act claim on August 22, 2005 against Jordan's employer Dixie Pump and Supply, Inc. On February 3, 2006, Plaintiff amended his complaint to add CGB, the

owner of the fleeting facility where the Barge CGB 326 was located. On November 21, 2006 the Court granted Plaintiff's motion to dismiss Mr. Jordan's employer Dixie Pump and Supply, leaving CGB as the sole remaining defendant in the case.

Neither party disputes that there was a gap between the barges or that this gap was hazardous. Neither party disputes that CGB did not hire Mr. Jordan for the work he was performing at the time of his death, did not own Barge CGB 326 where he worked, did not transport Mr. Jordan to the work site, did not secure the barges, and did not perform any services in connection with Mr. Jordan's work or supervise him. Both parties agree that CGB's only involvement in the case is that it is the owner of the barge fleeting facility where Mr. Jordan drowned.

## LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

**DISCUSSION**

Plaintiff seeks to impose a legal duty on CGB to exercise care for Mr. Jordan's safety based solely upon its status as owner of the fleeting facility. No case in the Fifth Circuit has imposed a duty under these circumstances, and this Court declines to do so. Plaintiff basically argues that CGB has a duty to provide lighting and oversight in case of emergency to every visitor at its facility. Plaintiff relies on the dictates of CGB's safety manual and the experience of fleet workers regarding the routine provision of lighting and oversight to establish CGB's negligence. Plaintiff cites several cases that consider the absence of a safety manual to be evidence of negligence.[1] These cases are inapposite insofar as they each concern breach of the established duties owed by vessel owners. They do not support the creation of a duty for third parties based upon the requirements of a safety manual.

The facts of *Wall v. Progressive Barge Line*, 703 So. 2d 681

---

[1] *In re Trico Marine Assets, inc.*, 332 F.3d 779, 790 (5th Cir. 2003); *Wallace v. Oceaneering Int'l*, 727 F.2d 427, 431 (5th Cir. 1984); *Paktank Corp.-Deer Park Terminal v. M/V M.E. Nunez*, 35 F. Supp. 2d 521, 530 (S.D. Tex. 1999); *Matter of Complaint of Theriot Crew Boats, Inc.*, 1996 WL 495154, *2 (E.D. La. Aug. 29, 1996).

(La. App. 4th Cir. 1997), present the closest analogy to the case before this Court. However, the distinctions are more significant than the similarities. In *Wall*, the Louisiana Fourth Circuit Court of Appeal upheld a trial court's determination that the owner of a fleeting facility was fifty-percent liable for the drowning death of a captain who slipped into a gap between two barges. However, in *Wall*, the fleeting facility owner had chartered the boat that the captain was piloting, owned the barge that the captain tied up to, was performing repairs on a second barge owned by another party that was covered in a slippery residue, had itself opened up the gap between the two barges to conduct the repairs, and had primary control over the slippery barge. The captain was crossing between the two barges controlled by the fleet facility to get instructions from the fleet facility owner when he slipped and fell to his death. Under these circumstances, the fleeting facility "was acting in its sphere of activity not only as Captain Wall's superior/instructor, but also as the repairer" and "had sufficient operation and control over the vessels at the time of the accident so that it owed a duty of reasonable care to provide a reasonably safe premises and access/egress to third parties such as Captain Wall." *Id.* at 688.

   CGB's role in Mr. Jordan's accident does not approach that

of the fleet facility owner in *Wall*. In the present case, there is no evidence that CGB had any involvement with the barges, the gap between the barges, or Mr. Jordan's activities. Neither Mr. Jordan nor the vessels were under CGB's control. The bare fact that CGB owns the fleeting facility, without further connection to the vessel or the work, is insufficient to create a duty to protect Mr. Jordan in this case.

For these reasons defendant's Motion for Summary Judgment (Doc. 107) was granted, and the claims against Consolidated Grain & Barge were dismissed with prejudice.

New Orleans, Louisiana this the 8th day of May, 2007.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE